IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENNIS BOYLE, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:19-CV-327-O |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Dennis Boyle, a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth), against Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## **I. BACKGROUND**

It is believed that Petitioner is confined pursuant to a 2015 conviction in the United States District Court for the Eastern District of California for distribution of child pornography. J., United States v. Boyle, Criminal Action No. 2:16-cr-048-KJM, ECF No. 69.

## **II. ISSUES**

By way of this action, Petitioner complains of the conditions of his confinement. Pet. 2, ECF No. 1. Specifically, Petitioner claims that the Bureau of Prisons's policies regarding access to the prison's electronic messaging ("TRULINCS") are unconstitutional on their face and as applied. Pet'r's Mem. 2-10, ECF No. 2. Petitioner "expects" this Court to order the Bureau "to stop violating [his] Constitutional Rights and put an injun[c]tion for relief [as] deemed necessary by this Court."

Pet. 7, ECF No. 1.

## III. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

Federal prisoners may challenge the manner in which their "sentence is carried out or the prison authorities' determination of its duration" in a habeas-corpus petition pursuant to § 2241. *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). However, habeas relief "is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States,* 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added). The "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36. *See also Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir.1997) (holding a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a civil-rights action provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures). Therefore, if a prisoner seeks only injunctive relief, other than an injunction shortening the duration of confinement, he is not entitled to relief in a habeas-corpus proceeding. *Hernandez v. Garrison,* 916 F.2d 291, 293 (5th Cir. 1990).

Clearly, Petitioner's claims do not concern the fact or duration of his confinement, which is

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

the "essence of habeas." *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973). Instead, he seeks injunctive relief enjoining Respondent from continuing to deny him access to TRULINCS. Pet. 3, ECF No. 1. Thus, taken at face value, the petition relating to the conditions of Petitioner's confinement is not cognizable on habeas review and should be dismissed for lack of subject matter jurisdiction. 42 U.S.C. § 1983; *Carson*, 112 F.3d at 820-21; *Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir. 1987) (holding that the core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil-rights action is to determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. A certificate of appealability is DENIED.

**SO ORDERED** on this 24th day of April, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**